## KASSOFF v CLEVELAND (City)

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10268. Decided November 4, 1929

Mr. A. L. Kearns, Cleveland, for Kassoff.
Messrs. L. O. Payne and Carl Shuler,
Cleveland, for City.

SULLIVAN, J.

It is argued that the definition of a lodging house must be confined to Section 401 to which reference in the affidavit is made, as well as the Section herein noted which contains the following language:

"A lodging house is any building, or portion of any building in which ten (10) or more persons are harbored, or received or lodged for hire."

It is a conceded fact in the record that the plaintiff in error did operate a place known as the East 55th Street Hotel in the city of Cleveland, but it is argued, that in order to constitute an offense punishable under the section quoted, that the lodging house is one in which ten or more persons are harbored or received, or lodged for hire, and that this must be the actual situation at the time when the arrest is made, and that consequently the affidavit and the proof must conform to this view of the definition as outlined by the wording of the section above quoted.

It is urged that the evidence is insufficient to convict because there is no showing that the lodging house in question at the time of the arrest, was a building or portion of any building in which ten or more persons were harbored or received, or lodged for hire.

From an examination of the record it appears that the plaintiff in error had been taking out the necessary license required under the ordinance, for the purpose of running a lodging house. This settles the question that, in the view of the plaintiff in error, it was her own conclusion that the character and purpose of the building were to come within the provisions of the statute with respect to the number of persons, and there can be no question but that the question of hire is applicable to the conduct of the business as stated in the section noted. The evidence shows that at times there was a register kept of the guests but it was not always complete. There seems to be some purpose in not preserving with accuracy the number of persons lodging in the building. This purpose can be inferred from what appears at least by way of argument, that the police had the place under observation at various times with respect to the question as to whether among the lodgers were persons of suspicious character.

The record hows that there were some nineteen rooms furnished for the convenience and habitation of occupants. These circumstances just detailed, we think are evidential facts growing out of the record and while they are not positive in their nature, yet by inference, deduction and circumstances, they inevitably lead to the logical conclusion that the purpose of securing the license referred to, the keeping, in a way, of the register, and the preparation of the nineteen rooms for guests, were to conform to the requirements in such cases made and provided by the ordinances of the city.

We do not think that a proper construction of the ordinance is that there must have been ten persons received or harbored by the keeper of the house at the time

only in which the arrest is made. It is our judgment that if there is a sufficiency in the record showing that the common general purpose was to harbor and receive for hire as many occupants as could be accommodated, and that the natural deduction from the record is that the common purpose was to receive and provide for ten or more, that then and thereby the party charged comes within the provisions of the statute, because, it will be noted, there is an absence of any language in the ordinance which specifically designates that the ten persons received, harbored or lodged for hire, must be an existent fact at the time of the arrest. It is our judgment that the sense and significance of the language in question is that if the common purpose and design is intended to include the number of persons named in the ordinance, that then its provisions apply and that thereupon if such fact exists, that the ordinance is applicable and enforceable.

It is our judgment that the securing of the licenses in connection with the keeping of the register, and the operation of the building with nineteen rooms therein for lodging purposes, are sufficient to show that instead of the transaction being of a benevolent character, it was for hire instead and this, it seems to us is the only logical conclusion.

Thus holding, the judgment of the lower court is hereby affirmed.

Vickery, PJ., and Levine, J., concur.